### K. H. HAHN v. THE STATE.

No. 9213.  Delivered June 26, 1925.

1.—Sale of Intoxicating Liquor—New Trial—Properly Refused.

Where on a trial for the sale of intoxicating liquor, the appellant while a witness in his own behalf, admitted that the facts he alleged in his motion

for a continuance that he expected to prove by an absent witness, was probably not within the knowledge of said witness, a new trial on account of the refusal of a continuance to secure the attendance of such witness, was properly refused.

### 2.—Same—Evidence—Impeaching Appellant—Held, Proper.

It has always been held by this court, that when the appellant takes the stand as a witness in his own behalf, that the state may show by him on cross-examination that he has been indicted or convicted for other felonies, as affecting his credibility, and no error is presented in permitting such procedure in the instant case.

### 3.—Same—Accomplices—Charge of Court.

Where the statute declares that in prosecutions for violations of the liquor laws, certain persons shall not be considered accomplices, the court properly refused to charge the jury that such persons were accomplices in this cause.

Appeal from the District Court of Denton County. Tried below before the Hon. C. R. Pearman, Judge.

Appeal from a conviction for selling intoxicating liquor; penalty, two years in the state penitentiary.

The opinion states the case.

*Robt. H. Hopkins,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The appellant was convicted in the district court of Denton County for the offense of unlawfully selling liquor and his punishment assessed at confinement in the penitentiary for a term of two years.

The court properly refused to grant appellant a new trial on account of the alleged error in overruling his application for a continuance. The bill of exceptions shows that appellant admitted while a witness in his own behalf that the testimony which he proposed to prove by the absent witnesses was probably not within the knowledge of said witnesses.

Bills of exception Nos. 2 and 3 criticise the court's action in permitting the State's counsel to ask the appellant while a witness testifying in his own behalf if there were not three other cases pending against him in which he was charged with selling intoxicating liquor; and if he was not charged with possessing intoxicating liquor and with possessing equipment for the purpose of manufacturing intoxicating liquor, and if he had not been convicted for manufacturing intoxicating liquor. This testimony was properly admitted as touching the credibility of the appellant as a witness. Such has been the

holding of this court in every case where the question. has been presented.

There was no error in the court's action in refusing to charge the jury that the witnesses Russell and Seagraves were in law accomplices. Under the express terms of the statute itself they were not accomplices and for the court to have given the special charge requested would have been in direct violation of the unambiguous terms of the statute.

The evidence being ample to support the verdict, and finding no error in the record, it is our opinion that the judgment should be in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.